FILED
JAMES J. VILT, JR. - CLERK
MAR 31 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

&AO 241 (Rev. 10/07)

Page 2

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western District of Kentucky |
|---|---|
| Name (under which you were convicted):<br>CECIL W. SALYERS<br>4:23-CV-45-JHM | Docket or Case No.:<br>11-CR-249/12-CR-111 |
| Place of Confinement:<br>Luther Luckett Correctional Complex | Prisoner No.:<br>085814 |
| Petitioner (include the name under which you were convicted)<br>Cecil W. Salyers | v. | Respondent (authorized person having custody of petitioner)<br>Amy Robey |
| The Attorney General of the State of Kentucky: Daniel Cameron |||

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Hopkins Circuit Court
   10 South Main Street
   Madisonville, Kentucky 42431

   (b) Criminal docket or case number (if you know):   11-CR-00249 / 12-CR-00111

2. (a) Date of the judgment of conviction (if you know):   10/11/2013

   (b) Date of sentencing:

3. Length of sentence:

4. In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Four counts of First-degree sexual abuse; two counts of using a minor in a sexual performance; and third-degree unlawful transaction with a minor. Forty (40) years.

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty           ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty               ☐ (4) Insanity plea

AO 241 (Rev. 10/07)                                                                                    Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

Mr. Salyers plead not guilty to all charges.

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:    Supreme Court of Kentucky

(b) Docket or case number (if you know):    2014-SC-000186-MR

(c) Result:    Affirmed

(d) Date of result (if you know):    5/14/2015

(e) Citation to the case (if you know):    Salyers v. Commonwealth, 2015 Ky. Unpub. LEXIS 27

(f) Grounds raised:
Prosecutorial Misconduct, KRE 404 (b) Evidence, Improper Joinder, Direct Verdict

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court:    N/A

(2) Docket or case number (if you know):    N/A

(3) Result:
N/A

(4) Date of result (if you know):

AO 241 (Rev. 10/07)                                                                                                Page 4

        (5) Citation to the case (if you know):

        (6) Grounds raised:

    (h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

        If yes, answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court:     United States Court of Appeals for the Sixth Circuit

        (2) Docket or case number (if you know):     No. 22-5319

        (3) Date of filing (if you know):     8/11/2022

        (4) Nature of the proceeding:     RCr 11.42/Direct Appeal

        (5) Grounds raised:

            1) the prosecutor engaged in misconduct by vilifying him during trial, 2) the trial court violated his rights by admitting certain evidence, 3) the trial court violated his rights by conducting a single trial involving all the victims, 4) the trial court violated his rights by denying his motion for a directed verdict, 5) his trial counsel rendered ineffective assistance by failing to object to certain evidence, 6) his trial counsel rendered ineffective assistance by failing to investigate witnesses that were crucial to his defense, 7) his trial counsel rendered ineffective assistance by agreeing to allow the jury to reconvene during the sentence phase of the trial, 8) his trial counsel rendered ineffective assistance by misadvising him prior to trial, 9) his appellate counsel rendered ineffective assistance by failing to properly argue an evidentiary issue in his direct appeal, and 10) the trial court violated his rights by denying his motion for post-conviction relief without a hearing.

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes     ☑ No

        (7) Result:     Affirmed

        (8) Date of result (if you know):     5/10/2017

AO 241 (Rev. 10/07)

Page 5

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:     Hopkins Circuit Court

(2) Docket or case number (if you know):     11-CR-00249 / 12-CR-00111

(3) Date of filing (if you know):     4/26/2018

(4) Nature of the proceeding:     CR 60.02 (Modify his sentence)

(5) Grounds raised:

(1) Searched of Mr. Salyers home, (2) Computers and Cameras, (3) The validity the Miranda rights waiver, (4) Mr. Salyers Mental Capacity in understanding his Miranda rights, (5) Challenging the chain of custody of evidence, (6) and Attacking the police investigations in Mr. Salyers case.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result:     Denied

(8) Date of result (if you know):     5/10/2018

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:     Hopkins Circuit Court

(2) Docket or case number (if you know):     11-CR-00249 / 12-CR-00111

(3) Date of filing (if you know):     5/8/2020

(4) Nature of the proceeding:     CR 60.02

(5) Grounds raised:

(1) The trial court erred in retrying Mr. Salyers that led to Double Jeopardy; (2) The trial court failed to issue a change of venue; (3) The trial court erred when allowing Officer Gibson to use chain of custody; (4) The trial court erred when it denied counsel oral request for an objection of New Exculpatoruy Evidence; (5) Mr. Salyers rights were violated when CHS lied to one of the alleged victims; (6) The indictment was not clear and concise; (7) Trial erred when allowing the jury to modify sentence; (8) The allege victim gave false testimony; (9) Two other alleged victims gave false testimony; (10) Another alleged victim gave false testimony; (11) Officer Couchman gave false testimony; (12) Officer Rager Sawyers gave false testimony; (13) and Sergeant Scott Gibson gave false testimony.

AO 241 (Rev. 10/07)

Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: Affirmed

(8) Date of result (if you know): 10/28/2022

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☐ No
(2) Second petition:  ☑ Yes   ☐ No
(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:**
N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

(b) If you did not exhaust your state remedies on Ground One, explain why:
N/A

AO 241 (Rev. 10/07)                                                                                  Page 7

   (c) **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

      (2) If you did not raise this issue in your direct appeal, explain why:
      N/A

   (d) **Post-Conviction Proceedings:**

      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes  ☑ No

      (2) If your answer to Question (d)(1) is "Yes," state:

      Type of motion or petition:  N/A

      Name and location of the court where the motion or petition was filed:
      N/A

      Docket or case number (if you know):  N/A

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):
      N/A

      (3) Did you receive a hearing on your motion or petition?                  ☐ Yes  ☑ No
      (4) Did you appeal from the denial of your motion or petition?             ☐ Yes  ☑ No
      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☑ No
      (6) If your answer to Question (d)(4) is "Yes," state:

      Name and location of the court where the appeal was filed:
      N/A

      Docket or case number (if you know):  N/A

      Date of the court's decision:

      Result (attach a copy of the court's opinion or order, if available):
      N/A

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
      N/A

AO 241 (Rev. 10/07)                                                                                                                  Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:
N/A

**GROUND TWO:**
N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

(b) If you did not exhaust your state remedies on Ground Two, explain why:
N/A

(c)     **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:
    N/A

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes   ☑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:      N/A

    Name and location of the court where the motion or petition was filed:
    N/A

    Docket or case number (if you know):     N/A

    Date of the court's decision:

AO 241 (Rev. 10/07)                                                                                                             Page 9

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes   ☑ No
(4) Did you appeal from the denial of your motion or petition?               ☐ Yes   ☑ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know):    N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two
N/A

**GROUND THREE:**
CR 60.02 (c), (d), (e), and (f) extraordinary nature

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) The court allowed Double Jeopardy to take place at Mr. Salyers second trial after his first trial was a mistrial (2)The trial court failed to issue a change of venue after all the publicity (3) The trial court allowed Officer Gibson to use his Chain of Custody (4)The trial court denied the objection of exculpatory evidence of a new statement (5) The CHS lied to one of the alleged victims, stating, she was helping Mr. Salyers (6) The indictment was not clear and concise (7) The Commonwealth allowed Seven (7) different false testimony to be stated to the jury and they failed to correct.

AO 241 (Rev. 10/07)    Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why?
N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:
N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Discretionary Review for CR 60.02 (c), (d), (e), and (f)

Name and location of the court where the motion or petition was filed:
(Supreme Court of Kentucky) State Capitol Building, 700 Capital Avenue, Room 235, Frankfort, Ky 40601

Docket or case number (if you know):    2022-SC-0492-D

Date of the court's decision:    3/15/2023

Result (attach a copy of the court's opinion or order, if available):
Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No
(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)   **Direct Appeal of Ground Four:**

 (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

 (2) If you did not raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

 (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

  ☐ Yes ☐ No

 (2) If your answer to Question (d)(1) is "Yes," state:

 Type of motion or petition:

AO 241 (Rev. 10/07)   Page 12

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 10/07)    Page 13

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☑ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☑ Yes   ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

   Salyers v. Robey, 2022 U.S. App. LEXIS 22428, No. 22-5319 (United States Court of Appeals for the Sixth Circuit, August 11, 2022

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

AO 241 (Rev. 10/07)  Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing:
   Lucien Cisney, DPA, 10 South Main, Madisonville, Kentucky 42431

   (b) At arraignment and plea:
   Lucien Cisney

   (c) At trial:
   Lucien Cisney

   (d) At sentencing:
   Lucien Cisney

   (e) On appeal:
   Susan Jackson Balliet

   (f) In any post-conviction proceeding:
   Pro Se

   (g) On appeal from any ruling against you in a post-conviction proceeding:
   Pro ae

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☑ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   This is Mr. Salyers second Federal Habeas Corpus. The first Habeas should had never been filed because he has yet to exhaust his state remedy to persue his Federal Habeas Corpus. Mr. Salyers was respresented by a non-legal aid who had no knowledge of how any of this is supposed to work. The time of Mr. Salyers first Habeas, he still had a CR 60.02 pending in the state courts. It was stated during the denial of his first Habeas that he failed to meet the one year of statue of limitations but that is far from the truth. After Mr. Salyers second trial, he has always had something pending in

court so his the timeless should had stopped and the motion that's filed on his behalf will prove Mr. Salyers was far from time barred.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Vacate Judgment of Conviction and Sentenced in case Nos. 11-CR-00249 and 12-CR-00111 titled Cecil Salyers v. Commonwealth of Kentucky

or any other relief to which petitioner may be entitled.

_____
Pro se
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___3/27/2023___ (month, date, year).

Executed (signed) on ___3/27/2023___ (date).

_____
Cecil Salyers
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Mail W Shayes SR # 085819
Luther Luckett Correctional Complex
P.O. Box # 6, 1612 Dawkins Road
LaGrange, Kentucky 40031

United States District Court Clerk
Federal Building
423 Frederica Street, Room # 126
Owensboro, Kentucky 42301

NEOPOST 03/28/2023
US POSTAGE $0