UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CECIL W. SALYERS**                                                  **PETITIONER**

v.                                                            **CIVIL ACTION NO. 4:23-CV-P45-JHM**

**WARDEN AMY ROBEY**                                    **RESPONDENT**

**ORDER**

This is a second or successive 28 U.S.C. § 2254 habeas corpus action filed by *pro se* Petitioner Cecil W. Salyers regarding his convictions in Hopkins Circuit Court, Case Nos. 11-cr-249, 12-cr-00111. *See Salyers v. Robey*, No. 4:21-cv-P61-JHM.[1] Section 2244(b)(3)(A) of Title 28 of the United States Code mandates: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Thus, **IT IS HEREBY ORDERED** that this action is **TRANSFERRED** to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. 1631.[2]

The **Clerk of Court** is **DIRECTED** to administratively **CLOSE this action**.

Date: May 9, 2023

*[signature: Joseph H. McKinley]*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Petitioner, *pro se*
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
        Clerk, Sixth Circuit Court of Appeals
4414.011

---

[1] In its Findings of Facts, Conclusions of Law, and Recommendation in Petitioner's prior § 2254 action, the Magistrate Judge noted that Petitioner's two criminal cases had been "consolidated and tried together" (DN 23, p. 4) (citation omitted).

[2] "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit Court of Appeals], the district court shall transfer the document to [the Sixth Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).